Naira SERGOYAN, Petitioner,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 03–74076.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.**

Decided April 11, 2005.

Naira Sergoyan, Glendale, CA, pro se.

Regional Counsel, Laguna Niguel, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Saul E. Greenstein, U.S. Department of Justice Civil Division, Washington, D.C., for Respondent.

Before: B. FLETCHER, TROTT and PAEZ, Circuit Judges.

MEMORANDUM ***

Naira Sergoyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which affirmed the Immigration Judge's

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

("IJ") order denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS,* 257 F.3d 1038, 1042–43 (9th Cir. 2001), and we deny this petition for review.

Because the IJ offered specific, cogent reasons for questioning Sergoyan's credibility, and because Sergoyan has not shown that the evidence compels a conclusion to the contrary, substantial evidence supports the IJ's adverse credibility determination. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Because Sergoyan did not establish that she was eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Substantial evidence does not compel a reasonable adjudicator to conclude that it is more likely than not that Sergoyan would be tortured if she returned to Armenia. *See Malhi,* 336 F.3d at 993.

Finally, to the extent that Sergoyan contends that the IJ "cut short" her hearing and deprived her of due process, the contention lacks merit. The record reflects that the hearing took place on several days over the course of a year, and that the IJ accorded Sergoyan sufficient time to present her case.

**PETITION FOR REVIEW DENIED.**